## Gilbert v. Thomson

*Robert W. Honeyman*, for plaintiff.

*Morris Gerber* and *Wright, Mauck, Hawes & Spencer*, for defendant.

FORREST, J., May 16, 1956.—This action in trespass for false imprisonment was instituted by the filing of a complaint on November 9, 1953, one day before the claim would have been tolled by the statute of limitations. David Thomson, named as one of the defendants, died on November 16, 1953, before service of the complaint was made upon him or accepted by him or on his behalf. On December 18, 1953, counsel for plaintiff filed a suggestion of death of said defendant and of the granting of letters of administration upon the estate of said defendant to Ruth M. Thomson and Pennsylvana Company for Banking and Trusts. On præcipe filed, the prothonotary entered a rule as of course upon said administrators to show cause why they should not be substituted as a party defendant.

Said administrators have filed an answer to the rule, raising a question of law, to wit, whether or not in this case the substitution of the administrators of decedent's estate as parties defendant should be made by this court under the Pennsylvania Rules of Civil Procedure.

Pa. R. C. P. 2352 provides:

"(a) The successor may become a party to a pending action by filing of record a statement of the material facts on which the right to substitution is based.

"(b) If the successor does not voluntarily become a party, the prothonotary, upon præcipe of an adverse party setting forth the material facts shall enter a rule upon the successor to show cause why he should not be substituted as a party."

"Successor" is defined by Pa. R. C. P. 2351 as "anyone who by operation of law, election or appointment has succeeded to the interest or office of a *party to an action*." (Italics supplied.)

Everyone whose name appears in the caption of the præcipe for writ of summons or complaint is not necessarily a *party to the action*. "Parties to an action are those who are named as such in the record *and are properly served with process* or enter an appearance . . .": Standard Pa. Pract., vol. 2, page 298, §3. (Italics supplied.)

"Although in its broader respects the term 'parties' includes all who are directly interested in the subject matter of suit or some part thereof, and who have a right to make defense, control the proceedings, examine and cross-examine witnesses, and appeal from the judgment rendered, it is ordinarily used to designate only those who are named as such in the record and *are properly served with process* or enter their appearance": 39 Am. Jur. p. 852. (Italics supplied.)

Though he was named as a party defendant in the complaint, David Thomson never was a party because

he never was served or voluntarily appeared. Therefore, his executors are not "successors" within the meaning of Pa. R. C. P. 2352(*b*) and plaintiff cannot compel their substitution as defendants. Commenting upon these sections, Goodrich-Amram Civil Practice has the following to say in this regard in section 2352(*b*)-4:

". . . Suppose an action is commenced, captioned P v. D. Suppose D is dead at the time the action is commenced. Or, suppose D is living, but is never served with process, never appears in the action and later dies. An executor is appointed. Can P compel the joinder of the executor as a party defendant under Rule 2352(b)?

"By definition, the executor can be a 'successor' only if he succeeds to the interest of a 'party to an action'. If D is a 'party' in the action of P v. D, then the executor is a successor. If D is not a 'party' *because he never was served or voluntarily appeared,* then the executor is not a successor and the Rule 2352(b) does not apply.

"In personal actions at law, it seems clear, under the prior practice, that if D is dead when the action is commenced or is living but is not served before his death, he is not a 'party' for purposes of substituting his executor. If the liability of D survives as a matter of law, P must institute a new suit against the executor." (Italics supplied.)

In support of the contention that the substitution should be made, plaintiff cites the case of Prudential Ins. Co. v. Himelfarb, Exrx., 362 Pa. 123 (1949). The last sentence of that opinion, page 128, indicates conclusively the reason of the conclusion of the court: "There is no reason, either legal or factual, why his personal representative should not have been substituted under Rule 57." Rule 57, as referred to, was as follows:

"Whenever, by reason of death, transfer of interests, or otherwise, other persons should be made parties to a proceeding in equity, a bill of revivor shall not be filed, but the facts may be averred of record, and if the parties added or substituted do not voluntarily appear, they may be summoned by a writ, or by service of the amended pleadings upon them, and required to answer in the same way and manner, and subject to the same penalties, as the original parties to the suit; . . ."

The instant case is not controlled by the old equity rules and, accordingly, the Himelfarb case is not a precedent. This rule has been superseded by our aforesaid Pa. R. C. P., which applies to both actions at law and actions in equity.

Plaintiff's counsel also relies upon Anderson, Pa. Civ. Pract., vol. 4, p. 538, which cites the Prudential case, supra, under the heading of "Voluntary Substitution", and states that: "An action is deemed pending from the moment. that it is commenced by the filing . . . of a complaint . . . It is immaterial that the defendant has not yet been served."

In the Prudential case the court decided that there was a "proceeding in equity" within the meaning of former Equity Rule 57 so as to warrant making "other persons", to wit, the named defendant's executors, "parties to the proceeding." In this case we are called upon to decide, not whether an action was pending, that is apparent, but, rather, whether David Thomson was ever a party defendant without whom it follows that there could not be a substitute. For reasons stated above, our answer is in the negative.

And now, May 16, 1956, it is ordered, adjudged and decreed that Ruth M. Thomson and Pennsylvania Company for Banking and Trusts, administrators of the estate of David Thomson, deceased, shall not be substituted as parties defendant in place of David Thomson, said decedent. Exception to plaintiff.