## Love v. Vincent

*Wade K. Newell* and *Joseph E. Kovach,* for plaintiffs.

*Ray, Buck and John,* for defendant.

MUNSON, J., August 28, 1964.—This matter is before the court on preliminary objections to a complaint in trespass, said objections raising a question of jurisdiction.

The chronology of events in this case may be summarized as follows: Plaintiffs, husband and wife, sustained personal injuries and special damages on April 29, 1956, by reason of an automobile accident in the Borough of Brownsville with defendant, Guy Clyde Vincent, a nonresident of Pennsylvania and a resident of the State of Ohio. On April 28, 1958, just prior to the tolling of the personal injury claim by the statute of limitations, a writ of summons in trespass was issued against Guy Clyde Vincent, but this writ was never served. Guy Clyde Vincent died on October 15, 1958, and B. E. Vincent was appointed administrator of his estate on November 7, 1958. On May 11, 1960, the said B. E. Vincent, having filed his first and final account, was discharged as administrator of the estate

of Guy Clyde Vincent by the Probate Court of Knox County, Ohio. Plaintiffs reinstated their writ and filed their complaint in trespass against Guy Clyde Vincent on February 17, 1961. This complaint was served on the Secretary of the Commonwealth by registered mail on February 20, 1961. On February 21, 1961, the sheriff sent a copy of the writ and complaint by registered mail addressed to Guy Clyde Vincent at his Ohio address, but this registered mail was returned to the sheriff with a notation that defendant was deceased. On June 11, 1962, plaintiffs filed a suggestion of Guy Clyde Vincent's death and suggested that B. E. Vincent, administrator of his estate, be substituted as defendant in the case. On the same day, plaintiffs, by praecipe, reinstated their complaint, and on June 15, 1962, the complaint was again served on the Secretary of the Commonwealth by registered mail. On June 20, 1962, the complaint was served on B. E. Vincent in Ohio by registered mail. Subsequently, B. E. Vincent, by his counsel, appeared specially for the purpose of filing preliminary objections raising a question of this court's jurisdiction over his person. The preliminary objections must be sustained.

This case is governed by the application of Pennsylvania Rules of Civil Procedure 2351 and 2352, relating to substitution of parties. Pa. R. C. P. 2352 provides:

"(a) The successor may become a party to a pending action by filing of record a statement of the material facts on which the right to substitution is based.

"(b) If the successor does not voluntarily become a party, the prothonotary, upon praecipe of an adverse party setting forth the material facts shall enter a rule upon the successor to show cause why he should not be substituted as a party."

Under the practice prior to the adoption of the rules of civil procedure, if a successor did not voluntarily

appear and make himself a party, the procedure to compel him to do so began with a suggestion of death. But this suggestion of record did not itself make the deceased defendant's personal representative a party to the action; to do that required an order of substitution or a writ of scire facias to bring in the suggested successor. The present practice under rule 2352(b) to compel a successor to become a party requires that a rule to show cause be issued and served on the successor: 2 Standard Pa. Prac. 449. This procedure was not followed here; plaintiffs merely filed a suggestion of death and a suggestion that defendant's administrator be substituted as defendant. Thus, we might dispose of the matter on the procedural ground that plaintiffs, when finally they sought to substitute a defendant, did not comply with rule 2352(b), supra. However, plaintiffs are confronted with even greater difficulties.

"Successor" is defined by Pa. R. C. P. 2351 as "anyone who by operation of law, election or appointment has succeeded to the interest or office of *a party to an action*." (Italics supplied). Everyone whose name appears in the caption of a praecipe for writ of summons or complaint is not necessarily *a party to the action*. "Parties to an action are those who are named as such in the record *and are properly served with process* or enter an appearance . . .": 2 Standard Pa. Prac. 299; Gilbert v. Thomson, 7 D. & C. 2d 593. (Italics supplied.)

Though he was named as a defendant in the writ of summons and in the complaint, Guy Clyde Vincent was never a party, because he never was served with process or voluntarily appeared during his lifetime. By definition under rule 2351, Vincent's administrator could be a "successor" only if he succeeded to the interest of a party to the action. Since Guy Clyde Vincent was never a "party" to this action, B. E. Vincent,

his administrator, is not a "successor" within the meaning of rule 2351 and cannot be substituted as a party defendant here: Gilbert v. Thomson, supra; Booth v. Stine, 42 Westmoreland 179.

This conclusion is supported by Goodrich-Amram §2352(b)-4, where it is stated:

"Suppose an action is commenced, captioned P. v. D. Suppose D is dead at the time the action is commenced. Or, suppose D is living, but is never served with process, never appears in the action and later dies. An executor is appointed. Can P compel the joinder of the executor as a party defendant under Rule 2352(b)?

"By definition, the executor can be a 'successor' only if he succeeds to the interest of a 'party to an action'. If D is a 'party' in the action of P v. D, then the executor is a successor. If D is not a 'party' because he never was served or voluntarily appeared, then the executor is not a successor and Rule 2352(b) does not apply.

"In personal actions at law, it seems clear, under the prior practice, that if D is dead when the action is commenced or is living but is not served before his death, he is not a 'party' for purposes of substituting his executor. *If the liability of D survives as a matter of law, P must institute a new suit against the executor.*" (Italics supplied.)

For the foregoing reasons, we make the following

ORDER

And now, August 28, 1964, upon and after due consideration, the preliminary objections of B. E. Vincent are sustained and plaintiffs' complaint is dismissed.