Ehrhardt, Appellant, v. Costello.

Argued March 18, 1970. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

558

*Robert King Stitt, III,* with him *James A. Ashton,* and *Ashton & Stitt,* for appellant.

*B. Patrick Costello,* with him *Costello & Snyder,* for appellee.

OPINION BY MR. JUSTICE JONES, April 22, 1970:

On June 4, 1963, Willard Ehrhardt (Ehrhardt) owned and operated a motor vehicle which on that date was involved in an accident with another motor vehicle operated by Ovidio Costello (Costello). As a result thereof, Ehrhardt, allegedly, suffered injuries to his person and damage to his motor vehicle. The accident occurred in Rostraver Township, Westmoreland County.

*Unknown to Ehrhardt,* Costello died on November 22, 1963, five and one-half months subsequent to the accident.[1]

On May 28, 1965—seven days prior to the expiration of the period of statutory limitation of actions for the recovery of damages for personal injuries—Ehrhardt filed a praecipe for and caused a writ of summons to be issued out of the Court of Common Pleas of Westmoreland County. The filing of such praecipe, irrespective of whether the Prothonotary issued the writ or the Sheriff served it, constituted the "commencement" of an action under *Pa. R. Civ. P.* 1007(1) sufficient to toll the statute of limitations.

On June 2, 1965, the Sheriff of Westmoreland County deputized the Sheriff of Washington County to serve the writ on Costello and, on June 9, 1965, this writ was returned "mortuus est" as to Costello.[2]

---

[1] The record is barren of any evidence that the fact of Costello's death was concealed from Ehrhardt. *Cf: Zarlinsky v. Laudenslager,* 402 Pa. 290, 296-97, 167 A. 2d 317 (1961).

[2] Costello, at the time of the accident, was a resident of Washington County.

At this point we note: (1) while this writ could have been reissued at any time within two years from the date of its issuance under *Pa. R. Civ. P.* 1010(a) and (b), and the statute of limitations would be thus tolled for a period of two years from the date of reissuance (*Peterson v. Philadelphia Suburban Trans. Co.,* 435 Pa. 232, 255 A. 2d 577 (1969); *Rufo v. Bastian-Blessing Co.,* 420 Pa. 416, 418, 218 A. 2d 333 (1966); *Marucci v. Lippman,* 406 Pa. 283, 285, 177 A. 2d 616 (1962); *Zarlinsky v. Laudenslager,* 402 Pa. 290, 295, 167 A. 2d 317 (1961)), the death of Costello precluded and prevented such reissuance against Costello individually; (2) at the time of his death, Costello was not a *party* to any action instituted by Ehrhardt and, obviously, could not become a party post-mortem to any action (*Thompson v. Peck,* 320 Pa. 27, 30, 181 A. 597 (1935)); (3) the fact that the filing of the praecipe for the writ constituted the "commencement" of an action (*Salay v. Braun,* 427 Pa. 480, 235 A. 2d 368 (1967)) does not avail Ehrhardt because Costello predeceased the filing of the writ by almost sixteen months.

After the sheriff's return of "mortuus est" nothing transpired until May 18, 1967 when, at Ehrhardt's instance, the Register of Wills of Washington County granted letters of administration in Costello's estate to one Frank Caroll.[3]

On May 29, 1967—almost four years after the happening of the accident and within two years after issuance of the writ of summons—Ehrhardt, without reissuing the writ of summons, caused a complaint in trespass to be filed in the Court of Common Pleas of Westmoreland County. This complaint was filed to the same number and term as that of the original writ

---

[3] At oral argument it was stated, without contradiction, that these letters were granted without the presentation of any petition, notice, etc.

of summons. By reason of the provisions of *Pa. R. Civ. P.* 1007(1) and (2), we must consider this complaint as a "pleading" and not a "process". See: *Yefko v. Ochs*, 437 Pa. 233, 263 A. 2d 416 (1970). However, even if we were to treat the complaint as a "process" and not as a "pleading", such complaint was filed untimely, almost four years having passed since the date of the accident.[4]

On June 23, 1967, this complaint was served on Costello's personal representative and, on July 13, 1967, the latter filed preliminary objections which combined a motion to strike off the complaint and raised a question of jurisdiction over the person. On July 21, 1967, Ehrhardt then secured a rule to show cause why Costello's personal representative should not be substituted in the action against Costello. On July 31, 1967, Costello's personal representative again filed preliminary objections and, shortly thereafter, by leave of court, filed an answer. On November 29, 1967, the preliminary objections of Costello's personal representative were sustained by the court below and later, at the instance of Ehrhardt, the judgment from which the instant appeal stems was entered in favor of Costello's personal representative and against Ehrhardt.

The *sole* issue raised on this appeal is the alleged error on the part of the court below in refusing to grant a compulsory substitution of Costello's personal representative in the action commenced by writ of summons against Costello individually.

Ehrhardt seeks to substitute, under *Pa. R. Civ. P.* 2352, Costello's personal representative as a party in the action originally "commenced" against Costello. At the time of Costello's death, the action against him had

---

[4] Of course, in this connection we refer only to the two-year statute of limitations applicable to Ehrhardt's claim for damages for personal injuries and not to his claim for property damage.

not been "commenced" and, obviously, he had not been served with any process against him in any action and, therefore, Costello never became a "party" to a pending action. Rule 2351[5] defines a "successor" as anyone "who by operation of law, election or appointment has succeeded to the interest or office of *a party to an action.*" (Emphasis supplied) Rule 2352(a) and (b) provides the method for the substitution in a "pending action" of a "successor" to a "party to a pending action".

In the case at bar, while Caroll is the personal representative of the estate of Costello, he is clearly not a "successor" to an interest of Costello in a "pending action" so as to permit the application of Rule 2352. During his lifetime, Costello was not a "party" to any action instituted against him by Ehrhardt and could not, *post-mortem,* be made a party.[6] It is clear beyond question that Costello was not "a party to a pending action" so as to compel the substitution of his personal representative in such action.

The death of an individual, such as Costello, while it renders a suit against him as an individual impossible, ordinarily would not deprive one aggrieved by his actions of the right to institute an action against the personal representative of his estate. The Fiduciaries Act of 1949 (Act of April 18, 1949, P. L. 512, Art. VI, §601, 20 P.S. §320.601) provides: "All causes of action or proceedings, real or personal, except actions for slander or libel, shall survive the death . . . of the defendant . . . ." See: *Johnson v. Peoples First Nat. Bank & Trust Co.,* 394 Pa. 116, 123, 145 A. 2d 716, 719-20 (1958). Such action may be instituted against the

---

[5] The substitution of parties is governed by *Pa. R. Civ. P.* 2351-54.

[6] *Cf. Love v. Vincent,* 37 Pa. D. & C. 2d 429 (1964) ; *Booth v. Stine,* 42 West. L. J. 179 (1960) ; *Gilbert v. Thomson,* 7 Pa. D. & C. 2d 593 (1956) ; Goodrich-Amram, Standard Pa. Practice, §2352 (b)-4.

decedent's personal representive. Fiduciaries Act of 1949, *supra,* at §603, 20 P.S. §320.603. However, the time within which to institute an action against a decedent's personal representative is governed by the Fiduciaries Act of 1949, *supra,* at §613, as amended by the Act of February 23, 1956, P. L. (1955) 1084, §4, 20 P.S. 320.613 (Supp. 1969), which provides: "The death of a person shall not stop the running of the statute of limitations applicable to any claim against him, but a claim which otherwise would be barred within one year after the death of the decedent shall not be barred until the expiration of one year after his death. Nothing in this section shall be construed to shorten the period which would have been allowed by any applicable statute of limitations if the decedent had continued to live."

In the case at bar, the provisions of the Fiduciaries Act, *supra,* afford no aid or support for Ehrhardt's position.[7] It requires no further factual recital to demonstrate the untimeliness of the filing of the complaint as a "process".

While Ehrhardt's statement of the question involved on this appeal relates only to the substitution of Costello's personal representative in the action: one instituted by the praecipe for the writ of summons, yet, since Ehrhardt's brief urges the propriety of a direct action against Costello's personal representative under the Fiduciaries Act, *supra,* we have considered such contention and find it without merit.

Judgment affirmed.

Mr. Chief Justice BELL and Mr. Justice ROBERTS concur in the result.

---

[7] If we considered the writ of summons as the only "process" against Costello, that writ, not having been reissued within two years of the date of its original issuance, automatically expired.