**Gallagher v. Zambino**

*Robert M. Rubin*, for plaintiff.
*Stanley P. Stahl*, for defendant.

BRADLEY, *P.J.*, December 14, 1978—This suit arose from a collision between plaintiff's and defendant's vehicles which occurred on April 12, 1976. Plaintiff instituted suit on March 9, 1978, not knowing that defendant had died on May 10, 1977. Service was effected by sending copies of the complaint via certified mail, return receipt requested, to the Secretary of the Commonwealth and to defendant's last known address. The letter mailed to defendant's address was returned unclaimed, and the sheriff on April 21, 1978, entered a "not found" as to defendant. On May 23, 1978, defendant's attorney entered his appearance and filed interrogatories addressed to plaintiff. On June 1, 1978, defendant withdrew the interrogatories and filed preliminary objections in the nature of a motion to strike which are now before the court.

Defendant's motion is based on the fact that defendant died 10 months prior to the filing of plaintiff's complaint. Defendant argues that service on a decedent is ineffective and that a suit started against a deceased person is a nullity.

Plaintiff's initial response is that the complaint was filed within the two-year statutory limit and that therefore service may be made on a substitute party. This is incorrect for two reasons.

First, although there is ordinarily a two-year limitation for trespass actions, see 12 Pa.C.S.A. §31 and 42 Pa.C.S.A §5525, 20 Pa.C.S.A. §3383, extends that period in the instant case:

"The death of a person shall not stop the running of the statute of limitations applicable to any claim

against him, but a claim which otherwise would be barred within one year after the death of the decedent shall not be barred until the expiration of one year after his death. Nothing in this section shall be construed to shorten the period which would have been allowed by any applicable statute of limitations if the decedent had continued to live."

Secondly, the law is clear that a suit brought against a dead person is a nullity: Ehrhardt v. Costello, 437 Pa. 556, 264 A. 2d 620 (1970); Thompson v. Peck, 320 Pa. 27, 181 Atl. 597 (1935); Peterson v. Foden, 59 D. & C. 2d 440 (1973); Eberly v. Salisbury, 58 D. & C. 2d 122 (1972). All actions that survive a decedent must be brought by or against the personal representative: Marzella v. King, _____ Pa. Superior Ct. _____, 389 A. 2d 659 (1978); 20 Pa.C.S.A. §3373.

Applying those guidelines to the present case, plaintiff had until the date of defendant's death to bring an action against defendant personally and until May 10, 1978, one year after defendant's death, to institute suit against defendant's personal representative. Plaintiff did neither. Instead, he brought suit against defendant personally on March 9, 1978, approximately two months prior to the extended running of the statute. Under the above authorities, this suit is a nullity. In effect, no suit has been brought. Therefore there can be no substitution of parties: Ehrhardt v. Costello, supra.

Plaintiff's final argument is that defendant's personal representative in failing to notify plaintiff of defendant's death committed fraud. Plaintiff has not alleged that defendant's personal representative affirmatively concealed defendant's death but merely that the representative failed to notify plain-

tiff. This is not sufficient reason to disregard the statute of limitations. See Finn v. Dugan, _____ Pa. Superior Ct. _____, 394 A. 2d 595 (1978).

Accordingly, the following order is entered.

### ORDER

And now, December 14, 1978, it is hereby ordered and decreed that defendant's preliminary objections are granted and plaintiff's complaint is dismissed.