**Ervin v. Wood**

*Ira Rosenburg,* for plaintiffs.
*Ralph Powell, Jr.,* for defendant.

STOUT, *J.*, September 18, 1979—Plaintiffs, Norman and Elizabeth Ervin, issued a summons on June 24, 1977, against defendant, Albert C. Wood, consulting engineers, 1832 Arch Street, Philadelphia, Pa. Service was attempted July 25, 1977, but the return indicated: "Defendant not listed and unknown at this address."

On July 21, 1978, a complaint in assumpsit and trespass was filed. Service of this complaint was made on August 9, 1978, on the Secretary of the Commonwealth.

The complaint alleged that plaintiff, Norman Ervin, was injured severely on June 25, 1975, when he was electrically shocked by a switchboard which had been ordered, installed and supervised by defendant Wood. It also alleged that defendant was an

individual authorized to do business in the City and County of Philadelphia with agents authorized to receive service of process at 1832 Arch Street.

Defendant filed preliminary objections raising the question of jurisdiction and alleging that defendant, Albert C. Wood, died in March 1949. Defendant contends that, inasmuch as the defendant is deceased, there can be no agent nor can there be service through the Secretary of the Commonwealth, and asks that the complaint be dismissed.

Relying on Pa.R.C.P. 126 and 1033,[1] plaintiffs ask that they be granted leave to amend their complaint and to serve the personal representative of defendant within 20 days. This cannot be allowed.

In answer to similar requests made by plaintiffs in Casner v. Fisher, 22 D. & C. 2d 1, 9 (1960), President Judge Lehman of Mifflin County said:

"These rules presuppose that a legal party is properly before the court. You cannot correct the

---

1. "Rule 126: Liberal Construction and Application of Rules

"The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties."

"Rule 1033: Amendment

"A party, either by filed consent of the adverse party or by leave of court, may at any time change the form of action, correct the name of a party or amend his pleading. The amended pleading may aver transactions or occurrences which have happened before or after the filing of the original pleading, even though they give rise to a new cause of action or defense. An amendment may be made to conform the pleading to the evidence offered or admitted."

name of a party that has no legal existence, after the statute of limitations has run. Where the action is void there can be no correction of name of a party because to permit a correction would amount to adding a new party after the statute had run, and this, as we have noted, cannot be permitted."

Neither may the personal representative be substituted in this action under Pa.R.C.P. 2352[2] because the action has never been "commenced" against the defendant and is not "pending." See Thompson v. Peck, 320 Pa. 27, 181 Atl. 597 (1935); Ehrhardt v. Costello, 437 Pa. 556, 264 A. 2d 620 (1970); Bausinger v. Heichel, 53 D. & C. 2d 486 (1971); Eberly v. Templeton, 61 D. & C. 2d 84 (1973).

The preliminary objections are sustained and the complaint is dismissed.

## ORDER

And now, September 18, 1979, upon consideration of the preliminary objections of defendant, it is hereby ordered and decreed that the complaint is dismissed.

---

2. "Rule 2352: Substitution of Successor

"(a) The successor may become a party to a pending action by filing of record a statement of the material facts on which the right to substitution is based.

"(b) If the successor does not voluntarily become a party, the prothonotary, upon praecipe of an adverse party setting forth the material facts shall enter a rule upon the successor to show cause why he should not be substituted as a party."

In Rule 2351, a "successor" is defined as "anyone who by operation of law, election or appointment has succeeded to the interest or office of a party to an action."