432 A.2d 1029

Donna P. LONGO, Appellant,

v.

Joanna K. ESTEP and Bradford C. Estep.

Donna P. LONGO, Appellant,

v.

Bradford C. ESTEP, Administrator of the Estate of Joanna K. Estep, Deceased.

Superior Court of Pennsylvania.

Argued Nov. 13, 1980.

Filed July 17, 1981.

Anthony J. Martin, Monroeville, for appellant.

Michael L. Magulick, Pittsburgh, for appellees.

Before HESTER, BROSKY and VAN der VOORT, JJ.

HESTER, Judge:

This is an appeal from an order of the Court of Common Pleas of Westmoreland County sustaining appellees' Preliminary Objections. The procedural history and facts relevant to the issue on appeal are as follows:

On April 2, 1977, appellant was a passenger in an automobile owned by appellee Bradford C. Estep and operated by his daughter Joanna K. Estep. A Complaint in Trespass was filed on March 30, 1979 at No. 3066 of 1979. Appellant alleges that Miss Estep, acting as a servant/agent, or employee of appellee Bradford C. Estep, operated the vehicle negligently resulting in personal injuries to appellant.

Unknown to appellant, Joanna K. Estep had died on March 23, 1979. On June 7, 1979, appellant filed a Suggestion of Death, and the Complaint was reinstated. Service was made on June 26, 1979 by the Sheriff of Westmoreland County. Preliminary Objections in the Nature of a Motion to Strike Service were filed on behalf of Joanna K. Estep on July 31, 1979. On September 17, 1979, appellant filed a Petition for Citation to apply for Letters, which citation was issued by the Register of Wills of Westmoreland County on September 24, 1979. Letters of Administration on the Estate of Joanna K. Estep were issued to appellee Bradford C. Estep on October 12, 1979.

On October 30, 1979, appellant instituted a second action in trespass against Bradford C. Estep, Administrator of the Estate of Joanna K. Estep, at No. 11379 of 1979. The actions at Nos. 3066 and 11379 were consolidated at No. 3066 on November 30, 1979. Appellees' Preliminary Objections were sustained on March 5, 1980, resulting in a dismissal with prejudice of both actions. This timely appeal followed.

Appellant contends the action filed at No. 11379 was filed in a timely fashion within one year of the date of death of Miss Estep.

■ We note that Joanna K. Estep was not served personally in the action at No. 3066 of 1979. She died prior to the time the complaint was filed. We agree with the trial court that the action filed against Joanna K. Estep at No. 3066 of 1979 is void. In *Marzella v. King*, 256 Pa.Super. 179, 182, 389 A.2d 659 at 660 (1978) citing *Thompson v. Peck*, 320 Pa. 27, 181 A. 597 (1935), we held:

"It is fundamental that an action at law requires a person or entity which has the right to bring the action, and a person or entity against which the action can be maintained. By its very terms, an action at law implies the existence of legal parties; they may be natural or artificial persons, but they must be entities which the law recognizes as competent. A dead man cannot be a party to an action and any such proceeding is completely void and of no effect."

The dismissal of appellant's action at No. 3066 of 1979 as against Joanna K. Estep was therefore proper.

However, we must now resolve the issue as to whether the action at 11379 was filed within the applicable statute of limitations. Appellant in this regard cites 20 Pa.C.S.A. § 3383 in support of his position, which reads as follows:

"The death of a person shall not stop the running of the statute of limitations applicable to any claim against him, but a claim which otherwise would be barred within one year after the death of the decedent shall not be barred until the expiration of one year after his death. Nothing in this section shall be construed to shorten the period

which would have been allowed by any applicable statute of limitations if the decedent had continued to live." 1972, June 30, P.L. 508, No. 164 § 2, eff. July 1, 1972.

■ The clear intent of this statute is to extend the statute of limitations in cases where the normal statute of limitations would run within a year after a defendant's death, so that the statute of limitations would not then expire until one year after death.

■ Although we agree the normal statute of limitations on this personal injury case would be two years, the statute would have run within a year after the death of Joanna Estep since she died on March 23, 1979 and the accident occurred on April 2, 1977. It follows that the statute of limitations would not bar the filing of a complaint against the administrator of her estate until one year after her death, or March 23, 1980. The action filed at No. 11379 was therefore timely.

Accordingly, the order sustaining appellees' preliminary objections is affirmed as to the dismissal of the action at No. 3066 of 1979 as to Joanna K. Estep only, and reversed as to the dismissal of the action at No. 11379, and the action at No. 11379 is reinstated and remanded along with the action filed against appellee Bradford C. Estep at No. 3066 of 1979 for further proceedings.