**Orndorff v. Small**

*Richard L. McMonigle,* for plaintiffs.
*Patricia A. Butler,* for defendant Raymond Small.
*David K. James, III,* for defendant Roger D. Weaver.

ERB, *J.,* November 13, 1986 — This matter is before the court on plaintiffs' motion to amend their complaint to substitute Doris L. Small, administratrix of the estate of Raymond Small as defendant, for Raymond Small who was originally named as defendant.

The pertinent facts relevant to the disposition of this motion are as follows. In July 1981 Raymond Small performed electrical work on the premises now owned by the plaintiffs. On April 1, 1982, there was a fire at this site. Between the date of the fire and July 9, 1982, plaintiffs discovered that the fire may have been caused by the electrical work performed by Raymond Small. This is revealed in a letter from plaintiffs' counsel to Mr. Small indicating the discovery.

On September 8, 1982, Raymond Small died. A writ of summons was issued on March 23, 1984, naming Raymond Small as a defendant and on March 29, 1984, the Adams County Sheriff left a copy of the writ with Mrs. Raymond Small. The sheriff returned the original writ to plaintiffs' counsel noting that Mr. Small was deceased.

On September 10, 1984, a complaint was filed naming Mr. Small as defendant and alleging causes of action against him in negligence and breach of warranty. Shortly thereafter, in September of 1984, Raymond Small's counsel filed preliminary objections in the nature of a demurrer on the ground that plaintiffs' action was a nullity since a dead person cannot be sued.

On October 3, 1984, plaintiffs filed a petition to stay proceedings pending the appointment of an administrator for the estate of Raymond Small. Plaintiffs, however, never secured a court order to stay the proceedings. On April 30, 1986, plaintiffs' counsel filed a petition to compel administration of the estate of Raymond Small before the Register of Wills in Adams County. Doris L. Small, wife of the deceased, was granted letters of administration and named administratrix of Raymond Small's estate on May 21, 1986. Three months later in August of 1986 plaintiffs filed the instant motion to amend the

complaint to correct the name of the party defendant from "Raymond Small" to "Doris L. Small, administratrix of the estate of Raymond Small."

The issue before this court is whether plaintiffs in seeking to amend their complaint are actually correcting the name of a party as allowed by Pa.R.C.P. 1033 or whether they are attempting to add a new party after the applicable statutes of limitations have expired. A review of the relevant case law reveals that they are attempting to add a new party after the applicable statutes of limitations have expired and that they are precluded from so doing.

In Erhardt v. Costello, 437 Pa. 556, 264 A.2d 620 (1970) plaintiff brought suit for personal injuries and property damage arising out of an automobile accident on June 4, 1963. Unknown to plaintiff, defendant died on November 22, 1963. Seven days prior to the expiration of the statute of limitations, plaintiff instituted suit by a writ of summons naming decedent as defendant. The writ was returned "mortus est" as to defendant and nothing happened until May 18, 1967 when at plaintiffs' instance, letters of administration were granted. On July 21, 1967, after the applicable two year statute of limitations had expired, plaintiff attempted to substitute the administrator as defendant in place of decedent. The Supreme Court of Pennsylvania held that the personal representative could not be substituted for the decedent after the statute of limitations had run. 437 Pa. at 562, 264 A.2d at 623.

There are also lower court cases which have discussed this issue. In Willis v. Zimmerman, 67 D. & C. 2d 147 (1974), the court held that suit cannot be initiated against an administrator after the statute of limitations had run. In Casner v. Fisher, 22 D. & C. 2d 1 (1960), the court held that a complaint could not be amended to name the personal

representative because it would have the effect of bringing in a new party after the running of the statute of limitations.

Applying the above-stated law to the instant case, plaintiffs are precluded from amending their complaint to name the personal representative of Raymond Small's estate since the applicable statutes of limitations have run.

In discussing the applicable statutes of limitations, it is necessary to note that the Act of June 30, 1972, P.L. 508, §2, 20 Pa.C.S. §3383, which provides that "The death of a person shall not stop the running of the statute of limitations applicable to any claim against him, but a claim which otherwise would be barred within one year after the death of the decedent shall not be barred until the expiration of one year after his death. . .," does not aid plaintiffs in this case.

The cause of action arose between April and July 1982, Raymond Small died on September 9, 1982, and applying even a two year statute of limitations would allow at least a year remaining after Small's death, rendering this statute inapplicable.

Plaintiff's complaint alleges causes of action based on negligence and breach of warranty against decedent. The negligence count requires the application of the two year statute of limitations found in the Act of July 9, 1976, P.L. 586, §2, as amended, 42 Pa.C.S. §5524, which would necessitate that an action against the administratrix would have to have been commenced on or before March 31, 1984. Even if the discovery rule is applied, the two year statute of limitations requires that the action would have to have been commenced no later than July 8, 1984. The statute of limitations as to the negligence count has expired and the administratrix cannot now be added as a new party to this action.

As to the breach-of-warranty count the longest applicable statute of limitations would be the four year limitation to actions based on express contracts not in writing. Act of July 9, 1976, P.L. 586, §2, as amended, 42 Pa.C.S. §5525(3). This four year statute of limitations would have expired in July of 1985 since tender of delivery and the alleged representations were made in July of 1981. The statute of limitations, then, has also expired on plaintiffs' breach-of-warranty count and they are precluded from adding the administratrix as a new party. Since a suit against a dead man is a nullity, Thomas v. Peck, 320 Pa. 27, 30, 181 A. 597, 598 (1935), and may only be brought against decedent's personal representative, Act of June 30, 1972, P.L. 508, §2, 20 Pa.C.S. §3373, plaintiffs have failed to institute suit against the proper party before the running of the applicable statutes of limitations.

There is a limited exception to the above, known as the relation-back doctrine, which allows the appointment of the administrator to "relate-back" to the petition and toll the statute of limitations. This doctrine is only applied if (1) suit is timely initiated in the name of the decedent, (2) plaintiff petitions for issuance of letters of administration prior to the running of the statute of limitations, (3) letters are granted after the running of the statute, and (4) the equities favor the plaintiff in terms of due diligence to prosecute the claim. See D'Orazio v. Locust Lake Village Inc., 267 Pa. Super. 124, 406 A.2d 550 (1979); McGuire v. Erie Lackawanna Ry. Co., 253 Pa. Super. 531, 385 A.2d 466 (1978); Stephenson v. Wildasin Estate, 48 D. & C. 2d 684 (1969).

This exception is inapplicable to the instant case for two reasons. The first reason is that the plaintiffs did not petition for the issuance of the letter of ad-

ministration until after the statutes of limitations had expired.

The second reason is that plaintiffs failed to exercise due diligence in prosecuting their claim against the administratrix, and as a result of this, the equities do not favor plaintiffs. One aspect of this failure is that plaintiffs were aware of the death of Mr. Small upon receipt of the sheriff's return, but failed to petition for administration of the estate for more than two years. Another aspect is that although plaintiffs petitioned this court to stay proceedings pending the appointment of an administrator, they never sought an order to grant the requested relief. A final example of this failure is that plaintiffs waited an additional three months after the appointment of the administratrix to bring the motion to amend their complaint before this court.

For the stated reasons, this court will deny plaintiffs' motion to amend their complaint to add the administratrix as a defendant. Accordingly, we enter the following

## ORDER

And now, this November 13, 1986, plaintiffs' motion to amend their complaint to substitute Doris L. Small, Administratrix of the estate of Raymond Small as defendant for Raymond Small, defendant is denied, because this in fact is an addition of a new party after the applicable statutes of limitations have run.