572 A.2d 1290

**Edward T. CUSTREN, Appellant,**

**v.**

**Dewey Lee CURTIS, Appellee.**

Superior Court of Pennsylvania.

Argued March 20, 1990.

Filed April 17, 1990.

Francis X. Dochney, Philadelphia, for appellant.

Ernest Iannelli, Philadelphia, for appellee.

Before OLSZEWSKI, JOHNSON and HOFFMAN, JJ.

OLSZEWSKI, Judge:

Edward Custren appeals the trial court's order dismissing his complaint upon appellee's preliminary objections. The trial court dismissed the action because the named defendant was dead at the time the action was brought. Appellant argues the trial court erred in dismissing the action because the appellee waived the defect in the complaint. We find that such a defect cannot be waived; consequently, we affirm.

This action arose from an incident on July 29, 1985. Appellant, a mailman, was delivering mail to appellee when he fell and injured himself. Appellant's attorney engaged in extensive settlement negotiations with appellee's insurance company.

In July 1987, shortly before the statute of limitations ran, appellant filed this action to preserve his legal rights while he continued settlement negotiations. The named defendant, Dewey Lee Curtis, had died in February 1986. Appellant claims that he was unaware of appellee's death. He asserts that the insurance company's claim representative concealed defendant's death by telling him that the defendant could be served at his home.

On August 13, 1987, appellant's attorney received the Sheriff's return of service, which indicated that appellee had been dead for over a year. Appellant took no steps to correct the complaint in this action; instead, he relied on an insurance company employee's oral assertion that the company would allow him to file and serve an amended pleading. No such amended pleading was ever filed or served.

In June 1989, appellee filed preliminary objections, arguing that the complaint was never served and that the suit was a nullity because it was filed against a dead person. The trial court agreed and dismissed the complaint. This appeal followed.

Appellant argues that the insurance company concealed the fact of appellee's death; therefore, appellee has waived any procedural defects. We can find no authority to support his proposition. "A dead man cannot be a party to an action, and any such attempted proceeding against him is completely void and of no effect." *Thompson v. Peck*, 320 Pa. 27, 181 A. 597 (1935), quoted with approval in *Longo v. Estep*, 289 Pa.Super. 19, 432 A.2d 1029, 1030 (1981). A defect of this type cannot be corrected by substituting the decedent's personal representative because there is no "pending action." *Ehrhardt v. Costello*, 437 Pa. 556, 264 A.2d 620 (1970). The only recourse in this situation is filing a new action against the decedent's estate or personal representative. *Valentin v. Cartegena*, 375 Pa.Super. 493, 544 A.2d 1028 (1988). If a new action had been filed, the insurance company's fraud or concealment might have estopped it from raising the statute of limitations as a defense. *See, e.g., Zarlinsky v. Laudenslager*, 402 Pa. 290,

167 A.2d 317 (1961), cited by appellant. Appellant has not filed a new complaint. No authority supports the proposition that a party may "waive" voidness of an action.

■ The remaining cases cited by appellant all involve misnomer or naming the wrong defendant. These cases are inapposite, because the underlying actions in such cases are valid. An action filed against a dead person is void and must be dismissed. Accordingly, the order of the trial court must be affirmed.

Order affirmed.