**Guzy v. Iwanowski**

*Joseph L. Vullo*, for plaintiff.
*Joseph A. Murphy*, and *Michael A. Giannetta*, for defendant.

MUNDY, *J.*, July 13, 1993—This matter is before the court on the preliminary objections of the defendant, Theofill Iwanowski, by and through his counsel, requesting that the action commenced against said defendant be dismissed.

By way of background, the plaintiff, Francine Guzy, on March 6, 1992, filed a summons in the Court of Common Pleas of Luzerne County, to no. 1170-C of 1990, against the defendant, Theofill Iwanowski, as the result of an incident which allegedly occurred on March 8, 1990.

Subsequent thereto, on February 10, 1993, the plaintiff filed a complaint providing the details of the March 8, 1990 incident. Therein the plaintiff alleged that she suffered physical injuries on the aforesaid date when she was a passenger in a vehicle that was owned and negligently operated by the defendant.

Subsequent to the filing of the aforesaid complaint, preliminary objections were filed on behalf of the defendant, Theofill Iwanowski, alleging that said defendant died on October 29, 1991 and requesting that, as a result thereof, the plaintiff's complaint be dismissed.

It is uncontroverted that the defendant, Theofill Iwanowski, died on October 29, 1991, and that the summons commencing this action was not filed until March 6, 1992, approximately five months after the defendant's death.

It is equally uncontroverted that the plaintiff was not aware of the defendant's demise until the filing of the defendant's preliminary objections,. that an estate had never been opened for said defendant, and that the statute of limitations with regard to the underlying action expired on March 8, 1992.

Subsequent to being served with the preliminary objections in this matter, the plaintiff filed a motion to open an estate for the defendant, Theofill Iwanowski, and to amend her complaint naming the estate as a party-defendant.

The gravamen of the defendant's objection is that this court is without jurisdiction since an action filed against a dead person, as herein, is null and void from its inception, and, never having existed, cannot be amended. The foregoing has been the long-established law of this Commonwealth. In *Thompson v. Peck,* 320 Pa. 27, 181 A. 597 (1935), the Supreme Court stated:

"A dead man cannot be a party to an action ... and any such attempted proceeding is completely void and of no effect:... This disposes of the further argument that the defect was cured by the amendment. There can be no amendment where there is nothing to amend." (citations omitted)

The foregoing statement of law has repeatedly been cited with approval by the appellate courts of this Commonwealth. *Custren v. Curtis,* 392 Pa. Super. 394, 572 A.2d 1290 (1990); *Longo v. Estep,* 289 Pa. Super. 19, 432 A.2d 1029 (1981); *Ehrhardt v. Costello,* 437 Pa. 556, 264 A.2d 620 (1970).

The original summons having been a nullity from its inception as a result of the death of the named defendant

prior to the filing of said summons, the subsequent complaint, and any amendment thereto, would also be a nullity.

Moreover, the filing of a new action would be equally fruitless since the statute of limitations had expired.

The cases cited by the plaintiff, either support the within result, *e.g., Longo, supra,* or are factually inapposite, *e.g., Wilkes-Barre General Hospital v. Lesho,* 62 Pa. Commw. 222, 435 A.2d 1340 (1981); *McGuire v. Erie Lackawanna Railway Co.,* 253 Pa. Super. 531, 385 A.2d 466 (1978). While the doctrine of "relation back" which the plaintiff espouses has validity under some circumstances, in the present instance there is nothing to relate back to, the summons filed being a nullity from its inception.

Notwithstanding the harshness of the result achieved, this court has no choice but to apply the established law of the Commonwealth and to sustain the preliminary objections of the defendant.

Accordingly, the court enters the attached:

## ORDER

It is hereby ordered, adjudged and decreed as follows:

(1) The preliminary objections of the above-captioned defendant are granted;

(2) Plaintiff's motion to amend her complaint is denied;

(3) The plaintiff's complaint is dismissed with prejudice; and

(4) The prothonotary is directed to mail notice of entry of this order to all counsel of record pursuant to Pa.R.C.P. 236.