J-A02045-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HOWARD SCOTT ALLISON | : | |
| | : | |
| Appellant | : | No. 378 WDA 2024 |

Appeal from the Order Entered March 13, 2024
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0001007-2007

BEFORE:  KUNSELMAN, J., MURRAY, J., and BECK, J.

MEMORANDUM BY BECK, J.:                 **FILED: MARCH 24, 2025**

Howard Scott Allison ("Allison") appeals pro se from the order entered by the Blair County Court of Common Pleas ("trial court") denying his request to overrule the Blair County District Attorney's disapproval of Allison's private criminal complaint against the Honorable Thomas G. Peoples, who is now deceased.  We affirm.

Allison's underlying convictions stem from his sexual abuse of his niece, who was six years old at the time Allison committed the offenses.  On April 17, 2008, following a trial before Judge Peoples, a jury found Allison guilty of rape of a child, statutory sexual assault, and corruption of minors.  On November 6, 2008, the trial court sentenced Allison to an aggregate term of twelve-and-one-half to twenty-five years in prison.  On June 15, 2010, this Court affirmed his judgment of sentence.  **See Commonwealth v. Allison**,

597 WDA 2009 (Pa. Super. Jun. 15, 2010) (non-precedential decision). Allison did not file a petition for allowance of appeal to the Supreme Court of Pennsylvania. He has, however, since filed three unsuccessful petitions under the Post Conviction Relief Act ("PCRA").[1]

The trial court summarized the pertinent intervening procedural history of this case as follows:

> [O]n July 2, 2012, while his first PCRA petition was pending, [Allison] filed a private criminal complaint against [Judge] Peoples—the judge who presided over [Allison]'s criminal trial—with the Blair County District Attorney's Office during D.A. Richard Consiglio's tenure, alleging that Judge Peoples, A.D.A. Deanne Paul, and defense counsel Phillip O. Robertson conspired to have [Allison] found guilty. It appears from the record that no further action was taken on [Allison]'s private criminal complaint after it was initially filed; consequently, [Allison] re-submitted his complaint to the Blair County District Attorney's Office now under the tenure of D.A. Peter Weeks—on October 17, 2022.
>
> District Attorney Weeks disapproved [Allison]'s complaint, primarily because Judge Peoples has been deceased for over a decade. [Allison] appealed the District Attorney's decision [to the trial court], and a hearing was held in front of the [court] on March 12, 2024. In an order dated March 12, 2024, [and docketed March 13, 2024, the trial court] denied [Allison]'s appeal, citing the District Attorney's decision; the criteria as set forth by our Supreme Court in *In re Ajaj*, 288 A.3d 94 (Pa. 2023); the fact that [Allison] appeared to be using the private criminal complaint procedure to avoid filing a fourth PCRA petition; and the District Attorney's disclosure that he had referred [Allison]'s initial prosecution and trial information to the Pennsylvania Office of the Attorney General for review, which made no finding to retry [Allison].

---

[1] 42 Pa.C.S. §§ 9541–9546.

Trial Court Opinion, 5/14/2024, at 1-2 (unnumbered; unnecessary capitalization omitted).

Allison timely appealed. Both Allison and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925. Allison raises the following issues for review:

> I.    As a question of law, was the District Attorney required to determine if the July 2012 private criminal complaint set forth a prima facie showing of criminal conduct?
>
> II.    Was it obstruction of justice, bad faith, or abuse of discretion for:
>
>> A.    The [trial court] to not require the District Attorney to answer the question of whether or not the July 2012 private criminal complaint set forth a prima facie showing of criminal conduct, and to properly complete the private criminal complaint form?
>>
>> B.    The District Attorney to not recuse himself from the March 12, 2024 hearing due to having been named as a criminal participant in a previous hearing, (October 19, 2023), by [Allison]?
>>
>> C.    The [trial court] to not compel the District Attorney to recuse himself after learning that [Allison] had filed a private criminal complaint, dated December 22, 2023, naming the District Attorney as a participant in another's criminal acts that occurred at the October 19, 2023 hearing for the matter at bar?
>>
>> D.    The District Attorney to ignore the July 2012 private criminal complaint for years, in further violation of laches, until compelled to address the matter by the Pennsylvania Supreme Court?
>
> III.    Was it legal error for the [trial court] to identify an unanswered private criminal complaint as a [PCRA] matter?

Allison's Brief at 3 (typographical errors corrected). Each of the issues Allison raises on appeal relate to the trial court's decision not to overturn District Attorney Weeks' disapproval of Allison's private criminal complaint against Judge Peoples; as such, we address them together. *See id.* at 8-31.

Pennsylvania Rule of Criminal Procedure governs the filing of private criminal complaints against another person and provides as follows:

(A) When the affiant is not a law enforcement officer, the complaint shall be submitted to an attorney for the Commonwealth, who shall approve or disapprove it without unreasonable delay.

(B) If the attorney for the Commonwealth:

(1) approves the complaint, the attorney shall indicate this decision on the complaint form and transmit it to the issuing authority;

(2) disapproves the complaint, the attorney shall state the reasons on the complaint form and return it to the affiant. Thereafter, the affiant may petition the court of common pleas for review of the decision.

Pa.R.Crim.P. 506.

Our Supreme Court recently analyzed and discussed the relevant rules and standards regarding private criminal complaints. *See generally Ajaj*, 288 A.3d 94. Specifically, the Court stated that "Rule 506 governs the initiation of criminal proceedings and authorizes private citizens to file private criminal complaints against another person with an issuing authority upon the approval of an attorney for the Commonwealth." *Id.* at 97 (citing Pa.R.Crim.P. 506(A)). "The attorney for the Commonwealth is thereafter required to

investigate the allegations set forth in the private criminal complaint and, based on that investigation, render his or her approval or disapproval of the private criminal complaint." *Id.* "[T]he attorney for the Commonwealth has a general and widely recognized power to conduct criminal litigation and prosecutions on behalf of the Commonwealth, … to decide whether and when to prosecute, and to decide whether and when to continue or discontinue a case." *Id.* (quotation marks, citation, and original brackets omitted). The Supreme Court explained that the District Attorney is therefore "permitted to exercise sound discretion to refrain from proceeding in a criminal case whenever he or she, in good faith, thinks that the prosecution would not serve the best interests of the state." *Id.* (quotation marks, citation, and original brackets omitted).

Furthermore, where "the attorney for the Commonwealth disapproves a private criminal complaint, the complainant may petition the court of common pleas for review of the decision. *Id.* at 98 (citing Pa.R.Crim.P. 506(B)(2)). "Rule 506(B)(2) is silent, however, on what standard of review the court of common pleas is required to apply when reviewing that decision." *Id.* Thus, our Supreme Court held "that a reviewing court may only overturn a disapproval decision under Rule 506(B)(2) if the private complainant demonstrates that the disapproval decision amounted to bad faith, occurred due to fraud, or was unconstitutional." *Id.* at 97. The Court further held that

"bad faith is demonstrated when the prosecutor acted with a fraudulent, dishonest, or corrupt purpose." *Id.* at 109.

Based on our review of the record and the applicable authority, Allison's arguments each miss the mark. The primary basis of District Attorney Weeks' decision to disapprove of the private criminal complaint against Judge Peoples was that Judge Peoples is deceased and therefore not available for prosecution. N.T., 3/12/2024, at 2-3. As there is no dispute in this case that Judge Peoples is deceased, *see* Allison's Brief at 10, District Attorney Weeks' decision not prosecute Judge Peoples comports with Pennsylvania law. *See, e.g., Commonwealth v. Heyboer*, 280 A.3d 331, 336-37 (Pa. Super. 2022) (holding that the trial court could not hold a de novo trial against a deceased defendant because it violated the defendant's right to be present at trial and remanded the matter for the abatement of the defendant's charges). On this basis alone, we conclude that the trial court did not err in determining that District Attorney Weeks' disapproval decision was not the product of bad faith or fraud, or was otherwise unconstitutional.[2] *Ajaj*, 288 A.3d at 97.

---

[2] Citing *Ehrhardt v. Costello*, 264 A.2d 620 (Pa. 1970), Allison asserts that District Attorney Weeks should have substituted a party (though he does not suggest who) for Judge Peoples in light of his death. Allison's Brief at 11. *Ehrhardt* states that "the death of an individual…, while it renders a suit against him as an individual impossible, ordinarily would not deprive one aggrieved by his actions of the right to institute an action against the personal representative of his estate." *Id.* at 623. This rule, however, is applicable only to civil cases and does not apply to criminal matters. *See id.* Thus, Allison's reliance of *Ehrhardt* is unavailing.

Additionally, however, Allison conceded that District Attorney Weeks' decision was not the result of bad faith. N.T., 3/12/2024, at 15. This, too, precludes the grant of the relief sought. **See Ajaj**, 288 A.3d at 97.

Regarding Allison's argument that District Attorney Weeks was required to determine whether his private criminal complaint made a prima facie showing of criminal conduct by Judge Peoples, Allison cites no authority that supports this claim. **See** Allison's Brief at 8-17; **see also** Pa.R.A.P. 2119(a). To the extent such action by District Attorney Weeks was necessary, the record reflects that District Attorney Weeks had been in contact with the Pennsylvania Office of Attorney General ("OAG") regarding Allison's claims of impropriety against Judge Peoples, that he sent the OAG the record of Allison's case (which included the trial transcripts), and that the OAG closed its review in 2022 having found no issues with the prosecution and trial of Allison. N.T., 3/12/2024, at 3.

The remainder of Allison's arguments are similarly unavailing. With respect to Allison's claim that District Attorney Weeks should have recused himself in this matter because Allison claims he filed a private criminal complaint against the district attorney, there is no evidence of record that Allison ever filed such a complaint against District Attorney Weeks. **See id.** at 6-7. Furthermore, even assuming Allison had properly filed a private criminal complaint against District Attorney Weeks, Allison cites no authority that supports his claim that District Attorney Weeks would have had to recuse

himself in the proceedings relating to the private criminal complaint against Judge Peoples.  **See** Allison's Brief at 18-24.

Turning to Allison's contention concerning the applicability of the doctrine of laches, this claim is nonsensical.  **See** Allison's Brief at 24-28. "Laches is an equitable doctrine that bars relief when a complaining party is guilty of want of due diligence in failing to promptly institute an action to the prejudice of another."  **Stilp v. Hafer**, 718 A.2d 290, 292 (Pa. 1998).  The doctrine of laches bars "prosecution of stale claims and is the practical application of the maxim that those who sleep on their rights must awaken to the consequence that they have disappeared."  **Fulton v. Fulton**, 106 A.3d 127, 131 (Pa. Super. 2014).  Put another way, the doctrine of laches is a remedy in civil cases that prevents someone from bringing a claim because of a significant passage of time; it has no applicability to the instant criminal matter.

Lastly, Allison contends that the trial court erred by addressing this matter under the PCRA.  Allison's Brief at 28-31.  The record reflects that although the trial court did state that it suspected Allison was using the private criminal complaint against Judge Peoples to circumvent the PCRA, **see** Trial Court Opinion, 5/14/2024, at 5 (unnumbered), the trial court nonetheless did not treat this case as a PCRA matter.  To the contrary, the court reviewed District Attorney Weeks' disapproval of the complaint under Rule 506 and

pursuant to the appropriate standards set forth in ***Ajaj***.  ***See id.*** at 3-5 (unnumbered).  This issue therefore does not entitle Allison to relief.

Based on the foregoing, we conclude that the record supports the trial court's determination that District Attorney Weeks' decision not to approve Allison's private criminal complaint against Judge Peoples was not the product of bad faith, occurred due to fraud, or was unconstitutional.  ***See Ajaj***, 288 A.3d at 97.  He therefore is not entitled to relief.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 3/24/2025