John & Michelle J. GOJMERAC,
Appellants

v.

Jona NAUGHTON, Administratrix of
the Estate of Brendan A. Naughton,
Deceased, and Donald Naughton, Ap-
pellees.

Superior Court of Pennsylvania.

Argued Aug. 30, 2006.

Filed Dec. 14, 2006.

Reargument Denied Feb. 20, 2007.

Kirk L. Wolgemuth, Reading, for appel-
lants.

Bruce S. Pancio, Willow Grove, for ap-
pellees.

BEFORE: LALLY–GREEN, TODD,
and POPOVICH, JJ.

OPINION BY TODD, J.:

¶ 1 John and Michelle J. Gojmerac ap-
peal the September 1, 2005 order of the

Berks County Court of Common Pleas granting summary judgment in favor of Appellees Jona Naughton, administratrix of the estate of Brendan A. Naughton, and Donald Naughton. We affirm.

¶ 2 On January 2, 1997, Appellants were involved in a motor vehicle accident with another vehicle owned by Donald Naughton and operated by Donald's brother, Brendan A. Naughton. On November 30, 1998, Appellants filed a writ of summons against Brendan and Donald Naughton;[1] however, Brendan Naughton was never served with the complaint, as he had passed away on March 30, 1998. On March 18, 1999, Appellants learned that Brendan was deceased, and on March 30, 1999, counsel for Appellants sent by facsimile and regular mail written notice to counsel of record for the administratrix of Brendan's estate, Jona Naughton, of the claim against Brendan, requesting that Jona Naughton be substituted as defendant. Receiving no response, Appellants eventually filed a motion for a rule to show cause why Jona Naughton should not be substituted as the personal representative of the decedent, and on July 19, 1999, the trial court granted the motion. Thereafter, Appellees filed a motion for summary judgment on the basis that the statute of limitations had expired. Following oral argument, the trial court granted the motion by order dated September 1, 2005, and dismissed Appellants' complaint. This appeal followed, wherein Appellants present a single issue for this Court's review:

> Where Defendant has died prior to suit and prior to original service of process, and notification of Defendant's death is received by plaintiff just prior to the expiration of the statute of limitations, does written notice pursuant to 20 Pa. C.S.A. § 3384, before the statute of limi-

tations expires, along with a copy of the Writ of Summons, given to the attorney of record for the personal representative of the Estate of the Defendant, toll the statute of limitations in a tort action for the negligent operation of motor vehicle?

(Appellants' Brief at 3.)

 ¶ 3 Summary judgment is appropriate if a plaintiff's cause of action is barred by the statute of limitations. *Moyer v. Rubright,* 438 Pa.Super. 154, 158, 651 A.2d 1139, 1141 (1994). The standard of our review of an order granting a motion for summary judgment pursuant to Rule 1035.2 is well established—this Court must examine the record in the light most favorable to the non-moving party, resolving all doubts as to the existence of a genuine issue of material fact against the moving party. *Matthews v. Clarion Hosp.,* 742 A.2d 1111, 1115 (Pa.Super.1999). We will reverse only if there has been an error of law or a clear abuse of discretion. *Watkins v. Hosp. of the Univ. of Pennsylvania,* 737 A.2d 263, 265 (Pa.Super.1999). On questions of law, however, our scope of review is plenary. *Matthews,* 742 A.2d at 1115.

 ¶ 4 The statute of limitations for a personal injury claim is two years. 42 Pa.C.S.A. § 5524. Thus, Appellants had until January 2, 1999 to file a claim based on the January 2, 1997 accident. Although Appellants filed a writ of summons on November 30, 1998, prior to the expiration of the statute of limitations, Brendan was not alive on that date. Thus, it is undisputed that the November 30, 1998 complaint against Brendan was void. *See Longo v. Estep,* 289 Pa.Super. 19, 21, 432 A.2d 1029, 1030 (1981) ("A dead man cannot be a party to an action and any such

---

1. The claim against Donald Naughton was voluntarily dismissed after discovery revealed that he had no knowledge of Brendan's use of the vehicle.

proceeding is completely void and of no effect.") (citation omitted).

■ ¶ 5 However, pursuant to 20 Pa. C.S.A. § 3383, where a statute of limitations on a claim against a decedent would expire within one year after the decedent's death, the statute of limitations is extended until one year after the death of the decedent. Appellants argue that, under Section 3383, they had until March 30, 1999, one year after the death of Brendan Naughton, to file a claim. Appellants further assert that, in the absence of the filing of a writ of summons or a complaint against the personal representative of the estate, the sending of a written notice to Appellees' counsel on March 30, 1999 was sufficient to toll the statute and preserve their claims. In so arguing, Appellants rely on 20 Pa.C.S.A. § 3384, which provides:

§ 3384. Notice of claim

(a) Written notice.—Written notice of any claim against a decedent given to the personal representative or his attorney of record before the claim is barred shall toll the statute of limitations.

(b) Acts equivalent to written notice.—Any of the following acts by a claimant shall be equivalent to the giving of written notice of a claim to the personal representative:

(1) Instituting proceedings to compel the filing of an account.

(2) Bringing an action against the personal representative in any court having jurisdiction of the claim and having the writ or pleading duly served on the personal representative.

(3) Substituting the personal representative as a defendant in an action pending against the decedent.

(4) Receiving a written acknowledgment by the personal representative

or his attorney of record of the existence of the claim.

20 Pa.C.S.A. § 3384.

¶ 6 In its opinion in support of its grant of summary judgment, the trial court noted that "the ... question before this Court is whether [Appellants'] action is included within the definition of 'any claim,' in the context of § 3384." (Decision and Order, 9/1/06, at 3–4). The trial court determined that it was not, and opined, *inter alia*,

It appears that the "statute of limitations," which is tolled by the written notice to the personal representative under § 3384(a), relates to the authority of the personal representative to make distribution after one (1) year from the grant of letters without responsibility to creditors who had not given notice of their claim. See 20 Pa.C.S.A. § 3532. By giving the written notice, the creditor/claimant apprises the personal representative of the claim, who is then required to address it appropriately.

\* \* \*

On the other hand, the statute of limitations on the action itself must be tolled by the standard method of filing suit, either through the issuance of a writ of summons or by the filing of a complaint.

(*Id.* at 4–5.)

¶ 7 We agree with the trial court that Appellants did not toll the statute of limitations by providing notice of their purported claim against Brendan under Section 3384. We first note that the comment to Section 3384 provides, in part:

Subsection (a): Creditors who fail to give notice of their claims will not be entitled to written notice of the filing of an account as provided for in Section 703 [20 Pa.C.S. § 3503]. The personal representative can make distribution after one year from the grant of letters with-

out responsibility to creditors who have not given notice of their claims. See Section 732 [20 Pa.C.S. § 3532], infra.

20 Pa.C.S.A. § 3384 Comment. The language of the comment to Section 3384 clearly suggests that Section 3384 pertains to claims by creditors.

¶ 8 Furthermore, as we explained in *In re Estate of Dilbon*, 456 Pa.Super. 490, 690 A.2d 1216 (1997),

> Although the existence of [a claim against a decedent's estate] establishes a financial interest in the estate, because the claim is unliquidated, it does not constitute a debt. "[T]he plaintiff in an action *ex delicto* against the estate of a decedent is not a creditor until such status is established by obtaining a judgment on a verdict rendered by a jury in a court of competent jurisdiction."

*Id.* at 494, 690 A.2d at 1218 (citations omitted). As Appellants were not creditors of Brendan's estate, Section 3384 is inapplicable, and providing notice as set forth in subsection (a) was insufficient to toll the statute of limitations.

¶ 9 Moreover, to the extent Appellants argue that Jona Naughton was substituted as the personal representative of Brendan's estate, and that her failure to previously object to such substitution constitutes a waiver of any challenge thereto, we note that the court order allowing the substitution was dated July 19, 1999, which was outside of the statute of limitations. More importantly, however, as we explained in *Valentin v. Cartegena*, 375 Pa.Super. 493, 544 A.2d 1028 (1988), "because a dead person cannot be a party to an action commenced after his death, substitution of a personal representative of the dead person's estate is improper," and an attempt to substitute as a party the personal representative of a decedent's estate is invalid and of no effect because there is no pending action. *Id.* at 495, 544

A.2d at 1029; *see also Custren v. Curtis*, 392 Pa.Super. 394, 572 A.2d 1290 (1990). Rather, the proper course of action is to file a new action against the decedent's estate or against the personal representative in his or her capacity as personal representative of the decedent's estate. *Valentin*, 375 Pa.Super. at 496, 544 A.2d at 1029. Appellants failed to do this.

¶ 10 Accordingly, for all of the foregoing reasons, we hold that the trial court properly granted Appellees' motion for summary judgment on the grounds that the statute of limitations on Appellants' claim had expired, and thus affirm the trial court's order.

¶ 11 Order **AFFIRMED.**