Winchell v. Lubinski, No. 206-3-11 Rdcv (Teachout, J., Sept. 2, 2011)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

# STATE OF VERMONT

**SUPERIOR COURT**                                                   **CIVIL DIVISION**
Rutland Unit                                                         Docket No. 206-3-11 Rdcv

**ROBERT WINCHELL,**
     Plaintiff

v.

**THOMAS LUBINSKI,**
     Defendant

## ENTRY ORDER

Thomas Lubinski, the defendant in this suit, died in February 2011. Plaintiff Robert Winchell filed his Complaint on March 29, 2011. On July 25, 2011, Defendant's attorney filed a Motion to Dismiss on the grounds that Mr. Lubinski was deceased at the time of the commencement of the suit.

Because Mr. Lubinski is deceased, he is not the proper defendant for this suit. If he had died after the suit had been filed, the proper defendant could have been substituted pursuant to V.R.C.P. 25(a)(1). This rule, which is derived from its federal equivalent, only applies to substitution when a party dies during the pendency of the suit. See *Mizukami v. Buras*, 419 F.2d 1319, 1320 (5th Cir. 1969); see also 7C Wright, Miller and Kane, Federal Practice & Procedure: Civil 3d § 1951 ("Substitution is not possible if one who was named as a party in fact died before the commencement of the action.").

It cannot be used to correct the problem of a defendant who is dead at the commencement of the suit. It is well-settled that a suit brought against a dead person is "void ab initio" or "null and void." See, e.g., *Glover v. State Farm Mut. Auto. Ins. Co.*, 950 A.2d 335 (Pa. Super. Ct. 2008); *Brubaker v. Estate of DeLong*, 700 N.W.2d 323 (Iowa 2005); *Jones v. Lawler*, 31 Conn. L. Rptr. 416 (Super. Ct. 2002); *Keller v. Walker*, 744 N.E.2d 381 (Ill. App. Ct. 2001); *Gailor v. Alsabi*, 990 S.W.2d 597 (Ky. 1999). The death of the defendant prior to the filing of the complaint leaves the court without subject matter jurisdiction. *Glover*, 950 A.2d at 339. This jurisdictional defect cannot be cured by an amendment because "there is, technically, nothing to amend." *Id.*

Plaintiff cites to *Korda v. Chicago Ins. Co.*, 2006 VT 81, 180 Vt. 173, in support of his argument that he be allowed to amend his complaint by substituting the real party in interest. *Korda*, however, concerned a suit brought by insurance carriers before they had the formal capacity to bring the suit. *Id.* at ¶ 14. The Court looked to V.R.C.P. 17(a), "Real Party in Interest," which provides:

> No action shall be dismissed on the ground that it is not prosecuted in the
> name of the real party in interest until a reasonable time has been allowed

after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

V.R.C.P. 17(a). But the death of the defendant before a suit commences is a fundamentally different circumstance than a suit that "is not prosecuted in the name of the real party in interest." As such, Rule 25(a)(1) specifically applies to deaths of parties, while Rule 17(a) addresses only plaintiffs. See *Esposito v. United State*, 368 F.3d 1271, 1277 (10th Cir. 2004) (distinguishing substitution of a defendant under F.R.C.P. 25(a)(1) from substitution of a plaintiff under F.R.C.P. 17(a)). It is not proper to "use the deceased as a place holder until a representative of the estate has been appointed." *Null v. Easley*, No. 4:09-CV-296-Y, 2009 WL 3853765, at *2 (N.D. Tex. Nov. 18, 2009). Because the suit against Mr. Lubinski was a nullity when it was filed, there is nothing for Plaintiff to amend.

Accordingly, Defendant's Motion to Dismiss is *granted*.

Dated this ___ day of _____, 2011.

_____
Hon. Mary Miles Teachout
Superior Judge