Winchell v. Lubinski, No. 206-3-11 Rdcv (Teachout, J., Nov. 2, 2011)

[The text of this Vermont trial court opinion is unofficial.  It has been reformatted from the original.  The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

# STATE OF VERMONT

**SUPERIOR COURT**                                                         **CIVIL DIVISION**
Rutland Unit                                                                       Docket No. 206-3-11 Rdcv

**ROBERT WINCHELL,**
        Plaintiff

v.

**THOMAS LUBINSKI,**
        Defendant

## DECISION
### Plaintiff's Motion for Reconsideration

Thomas Lubinski, the defendant in this suit, died in February 2011. Plaintiff Robert Winchell filed his Complaint on March 29, 2011. Defendant's attorney subsequently filed a Motion to Dismiss on the grounds that Mr. Lubinski was deceased at the time of the commencement of the suit. On September 2, 2011, the court granted the Motion to Dismiss. Plaintiff filed the present Motion for Reconsideration on September 13, 2011.

Plaintiff bases his argument in favor of reconsideration on 12 V.S.A. § 557(a), which tolls the running of the statute of limitations upon the death of a party. As the estate of Thomas Lubinski was opened on August 5, 2011, the statute allows Plaintiff to initiate a new suit against the estate at any time before August 5, 2013. Plaintiff argues that, because a new suit would be allowed under this statue, the court should allow him to amend his original complaint and name the estate as a defendant.

Plaintiff's argument ignores the jurisdictional basis for the dismissal of his action. As the authorities collected in the previous opinion evidence, the death of a defendant prior to the commencement of a suit leaves the court without subject matter jurisdiction to hear the case. See, e.g., *Glover v. State Farm Mut. Auto. Ins. Co.*, 950 A.2d 335, 339 (Pa. Super. Ct. 2008). Though this rule may strike Plaintiff as a technicality, the court is powerless to allow amendment or grant any other form of relief when it lacks subject matter jurisdiction. In the eloquent phrase of the *Glover* court, "there is, technically, nothing to amend." *Id*.

Accordingly, Plaintiff's Motion for Reconsideration is *denied*.

Dated at Rutland, Vermont this 2nd day of November, 2011.

_____
Hon. Mary Miles Teachout
Superior Judge